UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 1:24-cv-21441-WILLIAMS/GOODMAN

"IN ADMIRALTY"

RMK MERRILL STEVENS, LLC, a
Florida Limited Liability Company,

        Plaintiff,

vs.

M/Y *OCEAN DRIVE* – a 1998 124'
Broward bearing Official No. 945782 and
Hull ID No. BWD00505K888, its engines,
tackle, equipment, gear, appurtenances,
etc., *in rem*, and JUST FUNKY, LLC, a
Florida Limited Liability Company,
*in personam*,

        Defendants.
_____/

GRASSHOPPER BANK, N.A.,

        Intervening Plaintiff,

vs.

M/Y *OCEAN DRIVE* – a 1998 124'
Broward bearing Official No. 945782 and
Hull ID No. BWD00505K888, its engines,
tackle, equipment, gear, appurtenances,
etc., *in rem*, and OCEAN DRIVE MARINE
VENTURES, *in personam*,

        Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON MOTION FOR ATTORNEYS' FEES

On January 31, 2025, the Court entered a final judgment in favor of Intervening Plaintiff Grasshopper Bank, N.A. ("Grasshopper") and against M/Y *Ocean Drive*, *in rem*, by and through its owner, Ocean Drive Marine Ventures, LLC (collectively, "Defendants"). [ECF No. 106]. Grasshopper seeks to recover attorneys' fees and, in support of its request, has filed a verified motion ("Motion"), declarations from its attorneys, and itemized billing records. [ECF Nos. 114; 114-1]. Defendants did not file a response in opposition to the fees motion and the time to do so has expired.

United States District Judge Kathleen M. Williams referred this motion to the Undersigned for a report and recommendations. [ECF No. 115]. For the reasons given below, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Grasshopper's Motion and award it **$52,484.80** in reasonable attorneys' fees ($13,121.20 less than the amount requested).

I.    **Analysis**

a.    **Entitlement**

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). "Attorneys' fees generally are not

2

recoverable in admiralty unless[:] (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or **(3) there is a contract providing for the indemnification of attorneys' fees**." *Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001) (emphasis added).

Here, Grasshopper relies on the following provision in the First Preferred Ship Mortgage ("Mortgage"):

> (j) require Mortgagor to pay all collection, enforcement and court costs, including, but not limited to, all costs of preservation or protection of the rights and interests of the Mortgagee, and of foreclosure, enforcement and collection of any amount due and payable under this Mortgage and/or the Note, including all costs and expenses of retaking, maintaining, repairing, rehabilitating, advertising, cleaning, storing or selling the Vessel, to the extent permitted by law, **and all attorneys' fees incurred by Mortgagee**, all of which are secured by the Mortgage. All such costs and fees shall constitute an additional part of the Obligations and shall accrue interest at the Default Rate provided in the Note. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the Default Rate or at any lesser rate required by applicable law.

[ECF No. 28-1, p. 28 (¶ 30(j) (emphasis added))].[1]

Grasshopper also cites the Final Judgment, which states in relevant part that:

> Damages are awarded in favor of Grasshopper Bank, N.A., and against Defendants in the principal amount, as of November 22, 2024, of $1,609,134.77, with *per diem* interest thereafter through the date of judgment in the amount of $229.1574945, plus post-judgment interest thereafter at the statutory rate, plus costs and **attorneys' fees to be taxed at a later date pursuant to Southern District of Florida Local Rule 7.3**.

---

[1]    Grasshopper's Motion incorrectly cites this provision as paragraph 30(h) of the Mortgage, but the language quoted in its Motion [ECF No. 114, p. 2] is from paragraph 30(j).

[ECF No. 106 (emphasis added)].

The Undersigned finds that Grasshopper is entitled to recover its reasonable attorneys' fees as provided for in the Mortgage. *See, e.g., GEMB Lending, Inc. v. 2000 Sea Ray Sundancer*, No. 209-CV-627-FTM-SPC, 2010 WL 1268022, at *2 (M.D. Fla. Mar. 29, 2010) ("GEMB is obligated to pay its attorneys a reasonable fee for their services and [the] [d]efendants are liable for attorneys' fees in accordance with the [f]irst [p]referred [s]hip [m]ortgage as executed and delivered."); *GEMB Lending, Inc. v. Arnaboldi*, No. 06-61086-CIV, 2007 WL 9700967, at *1 (S.D. Fla. June 29, 2007), *report and recommendation adopted*, No. 06-61086-CIV, 2007 WL 9700968 (S.D. Fla. Aug. 22, 2007) ("[T]he '[c]osts of [c]ollection and [a]ttorney's Fees' section of the [s]imple [i]nterest [n]ote, [d]isclosure and [s]ecurity [a]greement, the '[a]rticle II-[d]efault' section of the [f]irst [p]referred [s]hip's [m]ortgage' and paragraph 11 of the [g]eneral [c]ontinuing [g]uaranty . . . provide for recovery of reasonable attorney's fees, costs, and expenses upon [the] [d]efendants' breach and default.").

**b.    Amount**

Having determined entitlement, the Undersigned will now address the requested amount. Grasshopper seeks to recover $65,606.00 in attorneys' fees, which consists of:

> 1) **$29,360.00** in legal fees for **Adam Cooke, Esq.** determined at 73.4 hours billed at $400 per hour; 2) **$35,370.00** in legal fees for **Robert D. McIntosh, Esq.** determined at 78.6 hours billed at $450[.00] per hour and 3) **$876[.00]** in legal fees for **Robert H. Friedhoff, Esq.** determined at 2.4 hours at $365.00 per hour.

[ECF No. 114, p. 3 (footnote omitted; emphasis added)].

In support of its fee request, Grasshopper submitted billing records [ECF No. 114-1, pp. 11–44] and declarations [ECF No. 114-1, pp. 2–10] from each attorney.

Although Defendants failed to respond to the fees motion, the Court must still ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."); *see also Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) (reducing hourly rates of two timekeepers despite no challenge to the hourly rates by the opposing party).

As noted above, the Court must determine whether the requested fee amount is reasonable. Under the lodestar method, reasonable attorney's fees are calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 43).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433–37. The moving party bears the

burden of documenting the reasonableness of the hours expended and the hourly rate. *Barnes*, 168 F.3d at 427.

### i.  Reasonable Hourly Rate

The Court must evaluate the reasonableness of the requested hourly rates. The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by lawyers with reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895–96 n.11). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* at 1302 (citation omitted).

In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (discussing factors set out in *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974)).

Here, Grasshopper seeks to recover for the time expended by its three attorney timekeepers. [ECF No. 114, p. 5]. Adam Cooke's hourly rate is $400.00. He was admitted to the Florida Bar in 2003 and is board certified in Admiralty and Maritime Law. *Id.* at 3 (¶ 3). Robert McIntosh's hourly rate is $450.00 per hour. *Id.* at 7 (¶ 7). He has been

practicing law since 1969 and is a Florida Bar Board Certified Civil Trial Lawyer. *Id.* at ¶ 4. Lastly, Robert H. Friedhoff's hourly rate is $365.00. *Id.* at 10 (¶ 7). He was admitted to the Florida Bar in 2021 and the majority of his practice is in civil litigation. *Id.* at ¶¶ 3–4.

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Grasshopper has not supported the reasonableness of its requested hourly rates beyond its attorneys' declarations.

Nonetheless, the Undersigned finds the hourly rates requested for all three attorneys to be reasonable. *See Centennial Bank v. M/V "Why Not"*, No. 22-CV-22883, 2024 WL 3072041, at *5 (S.D. Fla. Mar. 6, 2024), *report and recommendation adopted sub nom. Centennial Bank v. M/V Why Not*, No. 22-22883-CIV, 2024 WL 3070755 (S.D. Fla. June 20, 2024) (approving hourly rates of $450.00 for attorney who was "a regular practitioner of maritime law for over 30 years" and $375.00 for attorney with 16 years' experience in complex commercial litigation and 8 years' experience in maritime law in "a relatively run-of-the-mill maritime foreclosure action" (emphasis omitted)); *Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-CV-62311, 2023 WL 6930685, at *3 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-CV-62311-RAR, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023) (in a vessel foreclosure action, approving an hourly rate of $450.00 to attorney with 24 years of experience and $375.00 to attorney with eleven years of experience).

Based on the foregoing cases and the Undersigned's own knowledge of reasonable hourly rates in the South Florida market, the Undersigned **respectfully recommends** that the District Court **award** Plaintiff the requested hourly rates of **$450.00** for Mr. McIntosh, **$400.00** for Mr. Cooke, and **$365.00** for Mr. Friedhoff.

### ii.   Reasonable Number of Hours

The Court must next evaluate the reasonableness of the total hours expended by Grasshopper's timekeepers. The moving party bears the burden of providing the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Norman*, 836 F.2d at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." (citing *Barnes*, 168 F.3d at 427, 432–33)).

The party requesting fees must exercise "billing judgment" and must exclude hours from its fees motion that would be unreasonable to bill a client, and therefore to one's adversary, "irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301.

In determining the number of hours reasonably expended, the Court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* at 1303. This task may be accomplished by either applying an hour-by-hour analysis or making

an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Judges "need not, and indeed should not, become green-eyeshade accountants. The

essential goal in shifting fees (to either party) is to do rough justice, not to achieve

auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Ultimately, the computation of

a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or

formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302,

1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

Grasshopper seeks to recover 154.40 hours ($65,606.00) of attorney time. [ECF No.

114, p. 3 (¶ 5)].[2] The Undersigned has carefully reviewed the billing records [ECF No.

114-1] and the relevant docket entries and finds that some reductions are warranted in

order to arrive at a reasonable number of hours expended.

At the outset, the Undersigned notes that Plaintiff's timekeepers sometimes

engaged in the practice of separately billing 0.10 hours for emails or telephone calls in

related exchanges. For example:

| | | | | | | |
|---|---|---|---|---|---|---|
| 6285499 | 6/10/2024 | ABC | B | 0.10 | $40.00 | Prepare email to Mike Black re conferring on Motion for Supplemental Warrant and re issue of alleged conflict. |
| 6285781 | 6/10/2024 | ABC | B | 0.10 | $40.00 | Review of email from Mike Black re conferring on Motion for Supplemental Warrant and re issue of alleged conflict. |
| 6285782 | 6/10/2024 | ABC | B | 0.10 | $40.00 | Call to Mike Black re conferring on Motion for Supplemental Warrant and re issue of alleged conflict. |
| 6286437 | 6/10/2024 | ABC | B | 0.10 | $40.00 | Review of email from Michael Black re withdrawal issues. |

***

---

[2]     The billing records reflect 154.49 hours ($65,642.00) of attorney time. [ECF No. 114-1, p. 44]. However, Grasshopper explains that "[t]here is a .09 of an hour in Adam Cooke's time that was inadvertently included and removed reducing the total by $36.00 from $65,642.00 to $65,606.00." *Id.* at 3, n.1.

| | | | | | | |
|---|---|---|---|---|---|---|
| 6300529 | 7/2/2024 | RM | B | 0.30 | $135.00 | Email from Geno with photos of the inspection, no report, reviewed the photos and send them to Russell who has replaced Jason |
| 6300530 | 7/2/2024 | RM | B | 0.10 | $45.00 | Email to Russell with the email from Gino where he talks about something shady going on with the bank, told Russell I was scheduled to speak with Gino this afternoon |
| 6300538 | 7/2/2024 | RM | B | 0.10 | $45.00 | Email to Gino told him we had no objection of an interlocutory sale |
| 6300548 | 7/2/2024 | RM | B | 0.10 | $45.00 | Email from Russell explaining the loan amount and the purchase price |
| 6300647 | 7/2/2024 | ABC | B | 0.10 | $40.00 | Review of emails from Gino and response from RDM re sale of Vessel. |
| 6300666 | 7/2/2024 | ABC | B | 0.10 | $40.00 | Review of email from Jason Hatcher regarding proceeding to foreclosure. |
| 6300668 | 7/2/2024 | ABC | B | 0.10 | $40.00 | Prepare email to Jason Hatcher regarding proceeding to foreclosure. |
| 6300669 | 7/2/2024 | ABC | B | 0.10 | $40.00 | Review of email from Jason re status of wire for arrest and preparation of response. |
| 6300684 | 7/2/2024 | RM | B | 0.20 | $90.00 | Call from Geno we discussed how the bank valued the yacht for the mortgage and explained the loan amount vs the value of the yacht, he said that is why his value was so low because they did not know about the improvements to the boat; he explained how his surveyor had made a mistake, he thought he was going for a sea trial, turned out he could not even get the system started, he did not do what they wanted and spent only an hour on the yacht |
| 6300689 | 7/2/2024 | RM | B | 0.10 | $45.00 | Email from Jason they want to move forward with the foreclosure |

*Id*. at 15, 17. By separating these communications into individual (for the most part) time

entries, counsel was able to bill 0.10 per task.

As this Court explained in *Dominguez v. Fiore*, this practice is problematic because

it results in excessive time billed for the work performed:

> The Court also finds that [Attorney] Stern's practice of sometimes (but not always) **creating multiple, separate billing entries for exchanging emails, telephone calls, or text messages on the same day with the same person resulted in excessive time billed**. For example, on December 3, 2021, Stern billed 0.20 hours four times for exchanging emails with his client concerning different topics, for a total of 0.80 hours. In other words, Stern billed 48 minutes just for exchanging emails with his client, Dominguez. [ECF No. 33-1, p. 37]. This amount is in addition to a 30-minute phone call Stern had with Dominguez the same day.

> This practice may be inequitable for yet another reason. A basic hypothetical explains why. Assume that an attorney has an 8-minute telephone call with his client and bills [0].2[0] hours, has a 7-minute call later in the day and bills another [0].2[0] hours and has a third call lasting 8 minutes and bills [0].2[0] hours again. **Although that attorney spent 23 minutes on the telephone, he billed [0].6[0] hours – more than half an hour (even though the actual time was 23 percent less than half an hour)**.

No. 21-24055-CIV, 2022 WL 16961299, at *27 (S.D. Fla. Nov. 16, 2022) (emphasis added);

*see also M&M Sisters, LLC v. Scottsdale Ins. Co.*, No. 21-24081-CIV, 2022 WL 18717403, at

*20 (S.D. Fla. Dec. 19, 2022), *report and recommendation adopted*, No. 21-24081-CIV, 2023 WL 2017104 (S.D. Fla. Feb. 15, 2023) (finding that related emails were "likely part of an email chain" and "[i]t [was] doubtful that each email took six minutes to draft or review" "[t]hus, billing 0.60 hours, or 36 minutes, for sending/reviewing six emails [was] excessive and [did] not demonstrate good billing judgment").

There are other examples of excessive time spent on certain tasks. For instance, on May 24, 2024, Mr. Cooke billed 0.70 hours (or, in excess of 40 minutes) to "[p]repare Order directing issuance of supplemental warrant of arrest *in rem*." [ECF No. 114-1, p. 12]. The docket reflects that this is a *pro forma*, two-page proposed Order [ECF No. 18-1]; it should have taken an attorney with Mr. Cooke's experience no more than 10 minutes to draft. Moreover, because Mr. Cooke struck the corresponding motion [ECF No. 20], he again billed for submitting what is tantamount to the *same* two-page proposed order (with minor differences, such as a changed signature block) in conjunction with his June 4, 2024 motion for issuance of warrant [ECF Nos. 27; 27-1] and his June 21, 2024 supplemental motion for issuance of warrant [ECF Nos. 34; 34-1].[3]

Additionally, Mr. Friedhoff billed a total of 1 hour (in two separate time entries) on June 26, 2024 for "[e]valuation of arrest package" and "[r]eview[ing] US Marshals'

---

[3]     On June 4, 2024, Mr. Cooke billed 0.20 hours to "[r]evise and file Motion for Supplemental Warrant" and an additional 0.10 hours to "[e]mail judge proposed orders on Motion re Warrant" [ECF No. 114-1, p. 14]. On June 21, 2024, Mr. Cooke billed 0.50 to "[r]evise Motion, Order and Warrant and e[-]file same." *Id.* at 16.

Instruction to Arrest Vessel for package purposes." *Id.* at 16. The Undersigned finds that the time spent on these tasks is excessive and somewhat duplicative or overlapping.

Another example of excessive time billed is Mr. Cooke's December 18, 2024 time entry [ECF No. 114-1, p. 36], where he billed 0.30 hours (or 18 minutes) to prepare a one-sentence notice advising the Court that Grasshopper's summary judgment motion was "fully briefed and ripe for adjudication." [ECF No. 83]. This task should have taken 0.10 minutes, at most. And, to the extent Mr. Cooke sought to bill for the time spent e-filing the notice, that time is non-compensable clerical work.

The billing records reflect other examples of secretarial or clerical tasks, including a June 4, 2024 time entry, where Mr. Cooke billed 0.10 hours to "[e]mail judge proposed orders on Motion re Warrant" and Mr. McIntosh's various emails on August 1, 2, and 5, 2024 scheduling/confirming a mediation date. [ECF No. 114-1, pp. 14, 19]. Mr. McIntosh has been an attorney for 56 years; the task of scheduling the mediation should have been given to a secretary or clerk (and should not have been billed, *regardless* of who performed it). *See Roberto v. Addison Place Apartments Prop. Owner LLC*, No. 0:23-CV-61579, 2025 WL 554250, at *4 (S.D. Fla. Feb. 11, 2025), *report and recommendation adopted*, No. 23-61579-CIV, 2025 WL 560945 (S.D. Fla. Feb. 20, 2025) (listing "[0].1[0] hours to email proposed order to Court" among the time entries disallowed as "non-recoverable clerical work"); *Hava v. City of Hollywood Fla.*, No. 23-CV-60537, 2025 WL 475862, at *7 (S.D. Fla. Jan. 28, 2025), *report and recommendation adopted sub nom. Hava v. City of Hollywood*, No. 23-60537-CIV,

2025 WL 472308 (S.D. Fla. Feb. 12, 2025) (noting that "several of the time entries reflect time spent on clerical work, such as preparing subpoenas, **coordinating/scheduling mediation**, and **e-filing**, for which an attorney cannot properly bill" (emphasis added)).

Similarly, on December 17, 2024, Mr. McIntosh billed 0.10 hours for "[i]nstructed Q to let Geno he [sic] needs to pay the service fee of $170.00." [ECF No. 114-1, p. 36]. This task is secretarial in nature and should not have been included in the billing records submitted for the Court's review. These entries (and other instances of clerical work) are not compensable. *See Tobinick v. Novella*, No. 14-80781-CV, 2017 WL 8809365, at *6 (S.D. Fla. Nov. 29, 2017), *report and recommendation adopted*, No. 9:14-CV-80781, 2017 WL 8809110 (S.D. Fla. Dec. 18, 2017) ("work that is primarily clerical in nature is not reimbursable").

Lastly, there are some impermissible block-billed time entries. "Block billing is the practice of including multiple distinct tasks within the same time entry." *Bioresource Tech., Inc. v. High*, No. 21-CV-60854, 2022 WL 4287599, at *4 (S.D. Fla. Aug. 8, 2022), *report and recommendation adopted*, No. 21-60854-CIV, 2022 WL 3907902 (S.D. Fla. Aug. 31, 2022) (citation and internal quotation marks omitted). "Block billing is impermissible because it frustrates the Court's ability to determine which portion of the fees billed at a particular time are recoverable." *Behav. Analyst Certification Bd., Inc. v. Rodriguez*, No. 1:21-CV-22834, 2022 WL 4468606, at *16 (S.D. Fla. July 29, 2022), *report and recommendation adopted as*

*modified*, No. 21-22834-CIV, 2022 WL 4466621 (S.D. Fla. Sept. 26, 2022) (citing *Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1216150, at *6 (S.D. Fla. Feb. 14, 2019)).

For example, on January 3, 2025, Mr. Cooke billed 1.30 hours for "[r]eview of motion for extension and confer with Bob and review of pleadings including scheduling order and prepare response in opposition and e[-]file same." [ECF No. 114-1, p. 39]. To the extent Mr. Cooke is billing for the time spent docketing his response in opposition, that time is non-compensable clerical or secretarial work. Additionally, because several tasks were grouped together in one entry, it is not possible to determine how much time was spent on each task and, in turn, whether that time was reasonable.

Similarly, on January 7, 2025, Mr. Cooke billed 0.80 hours for "[r]eview of file and prepare motion to correct scrivener's error." *Id.* at 40. Leaving aside the vagueness of the "[r]eview of file" description, the Undersigned cannot determine how much time was spent drafting the motion (and whether that time was reasonable). The Undersigned notes that the motion [ECF No. 97] was a simple, three-page, unopposed motion with no memorandum of law. The first page consisted entirely of the case caption and the last page contained only the signature block and certificate of service.

Rather than make line-by-line reductions in hours, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." *Bivins*, 548 F.3d at 1350. Having carefully reviewed the billing entries, the Undersigned **respectfully recommends** that the District Court apply a twenty (20) percent reduction

to Grasshopper's attorneys' fees to account for excessive time billed (including separately billing for related emails and telephone calls), block billing, and clerical work.

This recommended percentage reduction is not based on a random number selection but rather, on a careful review of the billing records as a whole. *See, e.g., Hayden v. Urvan*, No. 21-CV-82051, 2025 WL 826697, at *8 (S.D. Fla. Mar. 14, 2025) (recommending an across-the-board percentage reduction and noting that "[t]he Court has not picked this number randomly out of the air but rather has spent significant time attempting to arrive at a fair reduction after review of the voluminous billing entries"); *see also M&M Sisters, LLC*, 2022 WL 18717403, at *20 ("recommend[ing] an across-the-board 20 percent reduction to the fees sought at the district court level to account for block billing, excessive time, duplicative entries, . . . and excessive estimated hours"); *Celasco v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 19-20818-CIV, 2020 WL 7493079, at *6 (S.D. Fla. Mar. 20, 2020) (reducing requested fees by 20 percent "to account for excessive attorney time spent on certain tasks"), *report and recommendation adopted*, 2020 WL 7492852 (S.D. Fla. Apr. 7, 2020); *Atl. Marine Fla., LLC v. Evanston Ins. Co.*, No. 3:08-CV-538-HES-JBT, 2016 WL 3407825, at *1 (M.D. Fla. June 16, 2016) (affirming magistrate judge's recommendation of a 20 percent reduction in the requested fees due to excessive number of hours billed).

In sum, Grasshopper should be awarded **$52,484.80** in attorneys' fees.

## II.    Conclusion

For the reasons stated above, the Undersigned respectfully recommends that the District Court **grant in part and deny in part** Plaintiff's motion and award it **$52,484.80** in attorneys' fees.

## III.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on April 30, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

16

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record